UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JAMIE TESTA,

    Plaintiff,

-vs-

                            Case No.

EQUIFAX INFORMATION SERVICES
LLC; EXPERIAN INFORMATION
SOLUTIONS, INC.; TRANS UNION
LLC, CITIBANK, N.A. and
AMERICAN EXPRESS COMPANY,

    Defendants.

_____/

**COMPLAINT AND DEMAND FOR JURY TRIAL**

COMES NOW Plaintiff, Jamie Testa (hereinafter "Plaintiff"), by and through her undersigned counsel, for her cause of action against Defendants, Equifax Information Services LLC (hereinafter "Equifax"); Experian Information Solutions, Inc. (hereinafter "Experian"); Trans Union LLC (hereinafter "Trans Union"); Citibank, N.A. (hereinafter "CITI") and American Express Company (hereinafter "AMEX") (hereinafter collectively "Defendants"), and in support thereof respectfully alleges violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, *et seq*.

1

## PRELIMINARY STATEMENT

1.      This is an action for actual damages, statutory damages, punitive damages, costs, and attorney's fees brought pursuant to the FCRA.

2.      Today in America there are three major consumer reporting agencies, Equifax Information Services LLC (hereinafter "Equifax"), Trans Union LLC (hereinafter "Trans Union"), and Experian Information Solutions, Inc. (hereinafter "Experian") (hereinafter collectively "CRAs").

3.      Consumer reporting agencies that create consumer reports, like Equifax, Experian, and Trans Union, are charged with using reasonable procedures designed to ensure the maximum possible accuracy of the information they report. It is not enough for them to simply parrot information they receive from entities, particularly where a consumer makes a dispute about information reported.

4.      When a consumer like Plaintiff disputes information through the agencies, those disputes are transmitted to the party furnishing the information. The FCRA demands that each party separately conduct a reasonable investigation of the consumer's dispute and correct or delete information they learn to be inaccurate or cannot otherwise verify.

2

5.    The Consumer Financial Protection Bureau has noted, "experience indicates that [Credit Reporting Agencies] lack incentives and under-invest in accuracy". Consumer Fin. Prot. Bureau, Supervisory Highlights Consumer Reporting Special Edition 21 (Issue 14, March 2, 2017).

## JURISDICTION AND VENUE

6.    Jurisdiction for this Court is conferred by 28 U.S.C. § 1331, as this action involves violations of the FCRA.

7.    Venue is proper for this Court pursuant to 28 U.S.C. § 1391(b)(2), as this is the judicial district in which a substantial part of the events or omissions giving rise to the claims occurred.

8.    Venue is proper in this District as Plaintiff is a natural person and resident of Sarasota County in the State of Florida; Defendants transact business within this District; and violations described in this Complaint occurred in this District.

9.    Plaintiff is a "consumer" as defined by 15 U.S.C. § 1681a(c).

10.    Equifax is a corporation with its principal place of business in the State of Georgia and is authorized to do business in the State of Florida through its registered agent, Corporation Service Company, located at 1201 Hays Street, Tallahassee, Florida 32301.

3

11.     Equifax is a "consumer reporting agency," as defined in 15 U.S.C. § 1681(f). Equifax is regularly engaged in the business of assembling, evaluating and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681(d) to third parties.

12.     Equifax disburses such consumer reports to third parties under contract for monetary compensation.

13.     Experian is a corporation with its principal place of business in the State of California and is authorized to do business in the State of Florida through its registered agent, C T Corporation System, located at 1200 South Pine Island Rd, Plantation, Florida 33324.

14.     Experian is a "consumer reporting agency," as defined in 15 U.S.C. § 1681(f). Experian is regularly engaged in the business of assembling, evaluating and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681(d) to third parties.

15.     Experian disburses such consumer reports to third parties under contract for monetary compensation.

16.     Trans Union is a corporation with its principal place of business in the State of Illinois and is authorized to do business in the State of Florida through

4

its registered agent, Corporation Service Company, located at 1201 Hays Street, Tallahassee, Florida 32301.

17.     Trans Union is a "consumer reporting agency," as defined in 15 U.S.C. § 1681(f). Trans Union is regularly engaged in the business of assembling, evaluating and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681(d) to third parties.

18.     Trans Union disburses such consumer reports to third parties under contract for monetary compensation.

19.     CITI is an FDIC-insured national bank headquartered at 380-390 Greenwich St., New York City, NY 10013 that conducts business in the State of Florida.

20.     CITI is a "furnisher of information" as that term is used in 15 U.S.C § 1681s-2.

21.     CITI furnished information about Plaintiff to Equifax, Experian and Trans Union that was inaccurate.

22.     AMEX is a corporation with its principal place of business in the State of New York and is authorized to do business in the State of Florida through its registered agent, C T Corporation System, located at 1200 South Pine Island Rd, Plantation, Florida 33324.

23.    AMEX is a "furnisher of information" as that term is used in 15 U.S.C § 1681s-2.

24.    AMEX furnished information about Plaintiff to Equifax, Experian and Trans Union that was inaccurate.

## FACTUAL ALLEGATIONS

25.    On or about the end of 2024, Plaintiff became aware of two credit card accounts listed on her credit reports, one for AMEX (opened in 2015 and Account starting in 3499XXXX) and the other CITI (opened in 2016 and Account starting in 5424XXXX), which she had no previous knowledge of. Plaintiff did not authorize these accounts to be opened and she did not make any purchases with these accounts.

26.    The balances on the two accounts were very high. As of March 2026, the AMEX account had a balance of $39,805.00 and the CITI account had a balance of $18,106.00.

27.    Plaintiff called both AMEX and CITI to directly dispute the accounts, but the agents she spoke to were largely unhelpful and nothing came of these calls.

6

28.     Eventually Plaintiff was able to figure out that an old ex-boyfriend (hereinafter "ex") of hers had fraudulently opened the accounts using her information, without her knowledge, when they were together years ago.

29.     Plaintiff never provided her social security information to her ex. He stole that information from her in order to fraudulently open accounts in her name.

30.     When Plaintiff confronted her ex about his actions, he admitted to Plaintiff he had used her identity without her knowledge when they were together. He told her that as long as she did not report the incident to the police, he would pay off the accounts.

31.     Plaintiff refused and went to the police to file a report about the identity theft committed by her ex.

32.     On or about September 15, 2025, Plaintiff filed a police report (Incident # 25-84700) with the Sarasota County Sheriff's Office detailing the two fraudulent credit cards taken out in her name with high balances.

33.     As a result of Plaintiff going to the police to report the crime, Plaintiff's ex stopped paying on the fraudulent accounts, and AMEX and CITI subsequently began to report negative information on Plaintiff's credit.

34.     On or about November 3, 2025, Plaintiff sent a letter via Certified USPS Mail (Tracking #9589 710 5270 2247 1096 59) to the CITI Fraud

Department and explained the account opened in her name was done so fraudulently and without her knowledge. She requested CITI close and cancel the fraudulent account, remove the charges and balance and ensure no negative information related to the account is reported to the CRAs. She explained she filed a police report and there was an active investigation into the matter.

35.     Having received no reply back from CITI, on or about April 8, 2026, Plaintiff mailed via Certified USPS Mail detailed dispute letters to Trans Union (Tracking # 9589 0710 5270 3728 6817 70), Equifax (Tracking # 9589 0710 5270 3728 6817 63) and Experian (Tracking # 9589 0710 5270 3728 6817 56). In the dispute letters, Plaintiff included all of her personal information such as her date of birth and social security number, as well as images of her driver license and social security card to prove her identity. Plaintiff explained that the CITI and AMEX accounts were opened fraudulently by her ex. She provided his information and indicated that she does not care if he is prosecuted. She requested that the fraudulent accounts he investigated and removed from her credit reports. Lastly, she included images of the fraudulent accounts appearing on her credit, a copy of the police report she filed, and images of her own personal credit card through Chase.

36.    Plaintiff received a letter from AMEX dated April 23, 2026 stating that in regards to the dispute she had submitted, AMEX was "unable to accept" her claim that the account was fraudulent.

37.    On or around April 24, 2026, Equifax mailed dispute results to Plaintiff  (Confirmation # 6107515400) wherein Equifax notified Plaintiff that CITI and AMEX had "verified" the accounts as belonging to Plaintiff, and that Equifax would continue to report the information on Plaintiff's credit.

38.    As of the filing of this Complaint, Plaintiff has not received any responses from Experian or Trans Union as to her detailed dispute letters.

39.    On or about May 20, 2026, Plaintiff pulled updated credit reports and was distraught to see Equifax, Experian and Trans Union still reporting the fraudulent AMEX and CITI accounts.

40.    Equifax failed to do any independent investigation into Plaintiff's disputes, but rather parroted information it received from the furnishers. Equifax received all the information necessary to have determined that Plaintiff was not responsible for the fraudulent accounts. Equifax should have been able to determine, in the very least, that the information Plaintiff provided about the fraudulent accounts made the reporting by AMEX and CITI "unverifiable."

9

41. Equifax never attempted to contact Plaintiff during the alleged investigation.

42. Upon information and belief, Equifax notified AMEX and CITI of Plaintiff's dispute. However, AMEX and CITI each failed to conduct a reasonable investigation and merely compared their own erroneous data to that provided by Equifax in connection with the dispute investigation.

43. Trans Union failed to do any independent investigation into Plaintiff's disputes, but rather parroted information it received from the furnishers. Trans Union received all the information necessary to have determined that Plaintiff was not responsible for the fraudulent accounts. Trans Union should have been able to determine, in the very least, that the information Plaintiff provided about the fraudulent accounts made the reporting by AMEX and CITI "unverifiable."

44. Trans Union never attempted to contact Plaintiff during the alleged investigation.

45. Upon information and belief, Trans Union notified AMEX and CITI of Plaintiff's dispute. However, AMEX and CITI each failed to conduct a reasonable investigation and merely compared their own erroneous data to that provided by Trans Union in connection with the dispute investigation.

46.     Upon information and belief, Experian failed to conduct a reasonable investigation and simply parroted information it received from the furnishers. Experian received all the information necessary to have determined that Plaintiff was not responsible for the fraudulent accounts. Experian should have been able to determine, in the very least, that the information Plaintiff provided about the fraudulent accounts made the reporting by AMEX and CITI "unverifiable."

47.     Upon information and belief, Experian notified AMEX and CITI of Plaintiff's dispute. However, AMEX and CITI each failed to conduct a reasonable investigation and merely compared their own erroneous data to that provided by Equifax in connection with the dispute investigation.

48.     As of the filing of this Complaint, upon information and belief, Equifax, Experian, and Trans Union have failed to review or conduct a reasonable investigation as to Plaintiff's disputes. The inaccurate reporting of the AMEX and CITI Accounts continue.

49.     None of the CRAs have conducted an actual investigation despite Plaintiff's pleas, and upon information and belief, they each simply continue to parrot information from the furnishers, AMEX and CITI.

50.     AMEX has not conducted a reasonable investigation despite Plaintiff's numerous pleas.

11

51. CITI has not conducted a reasonable investigation despite Plaintiff's numerous pleas.

52. Plaintiff continues to suffer as of the filing of this Complaint with Defendants' reluctance to conduct thorough investigations into her disputes or otherwise make her credit file accurate.

53. Defendants continue to defame Plaintiff by reporting inaccurate information about negative accounts that do not belong to her.

54. Had the Defendants conducted reasonable investigations in response to Plaintiff's disputes, the results would have been different.

55. As a result of the inaccurate credit reporting, Plaintiff has suffered damages, including, but not limited to:

    i. Monies lost by attempting to fix her credit. Plaintiff has suffered actual damages in postage paid, wasted ink and paper, and wasted time, Plaintiff's attempts to correct her credit file has resulted in fees and costs;

    ii. Loss of time and time taken off from work in attempts to cure the inaccuracies;

    iii. Mental anguish, added stress, aggravation, embarrassment, sleepless nights, and other related impairments to the enjoyment of

life; Plaintiff is being physically affected by Defendants' reluctance to fix the inaccuracies;

iv. Reduction in credit score as the Defendants failed to properly investigate and correct the disputed information;

v. Delay in applying for personal loans and lines of credit due to fear of denials from Plaintiff's lowered credit scores;

vi. Defamation as Plaintiff's information has been published to third parties. including but not limited to, MyFICO to calculate Plaintiff's credit score.

## CAUSES OF ACTION

### COUNT I
### Violation of 15 U.S.C. § 1681e(b) as to
### Defendant, Equifax Information Services LLC (Negligent)

56. Plaintiff re-alleges and incorporates paragraphs one (1) through fifty-five (55) above as if fully stated herein.

57. Equifax violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.

58. Equifax allowed Furnishers AMEX and CITI to report inaccurate and defamatory account information to Plaintiff's credit file.

13

59.   Upon information and belief, Equifax does not allow its representatives to call consumers, like Plaintiff, during the dispute process or call witnesses with knowledge about the dispute.

60.   Equifax selects to just parrot the information provided by the Furnisher and to avoid conducting re-investigations.

61.   Equifax chooses the illegitimate parroting of information despite consumers (like Plaintiff) providing ample evidence of inaccuracies.

62.   As a result of this conduct, action, and inaction of Equifax, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; physical injury; emotional distress; and mental and emotional pain stemming from the stress, anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

63.   The conduct, action, and/or inaction of Equifax was negligent, rendering it liable for actual damages, in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

64.   Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

WHEREFORE, Plaintiff, Jamie Testa, respectfully requests that this Court award actual damages against Defendant, Equifax Information Services LLC; award Plaintiff her attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

## COUNT II
### Violation of 15 U.S.C. § 1681e(b) as to
### Defendant, Equifax Information Services LLC (Willful)

65.    Plaintiff re-alleges and incorporates paragraphs one (1) through fifty-five (55) above as if fully stated herein.

66.    Equifax violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.

67.    Equifax allowed Furnishers AMEX and CITI to report inaccurate and defamatory account information to Plaintiff's credit file.

68.    Upon information and belief, Equifax does not allow its representatives to call consumers, like Plaintiff, during the dispute process or call witnesses with knowledge about the dispute.

15

69. Equifax selects to just parrot the information provided by the Furnisher and to avoid conducting re-investigations.

70. Equifax chooses the illegitimate parroting of information despite consumers (like Plaintiff) providing ample evidence of inaccuracies.

71. As a result of this conduct, action, and inaction of Equifax, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; physical injury; emotional distress; and mental and emotional pain stemming from the stress, anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

72. The conduct, action and/or inaction of Equifax was willful, rendering it liable for actual or statutory damages, and punitive damages, in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n.

73. Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

WHEREFORE, Plaintiff, Jamie Testa, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, Equifax Information Services LLC; award Plaintiff her attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from

16

further violations of these parts; and such other such relief the Court may deem just and proper.

## COUNT III
### Violations of 15 U.S.C. § 1681i as to
### Defendant, Equifax Information Services LLC (Negligent)

74.    Plaintiff re-alleges and incorporates paragraphs one (1) through fifty-five (55) above as if fully stated herein.

75.    After receiving Plaintiff's disputes, Equifax violated 15 U.S.C. § 1681i by: (i) failing to delete inaccurate information in Plaintiff's credit file after receiving notice of such inaccuracies; (ii) failing to conduct a lawful and reasonable reinvestigation into Plaintiff's disputes; (iii) failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit file; (iv) failing to review and consider all relevant information submitted by Plaintiff in the disputes; and (v) relying upon verification from a source it has to know is unreliable.

76.    Despite the large amount of information and documentation produced by Plaintiff demonstrating the inaccurate reporting, Equifax failed to conduct independent investigations into Plaintiff's disputes and simply transferred its separate duty to investigate to the furnishers.

77.    Plaintiff provided Equifax with the information it needed to confirm that the CITI and AMEX accounts were opened fraudulently. Equifax ignored this information and failed to conduct a thorough investigation into her disputes or otherwise make her credit file accurate.

78.    As a direct result of this conduct, action and/or inaction of Equifax, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; physical injury; emotional distress; and mental and emotional pain stemming from the stress, anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

79.    The conduct, action, and/or inaction of Equifax was negligent, rendering it liable for actual damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

80.    Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to § 1681o.

WHEREFORE, Plaintiff, Jamie Testa, respectfully requests that this Court award actual damages against Defendant, Equifax Information Services LLC; award Plaintiff her attorney's fees and costs; award pre-judgment and post-

judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

## COUNT IV
### Violations of 15 U.S.C. § 1681i as to
### Defendant, Equifax Information Services LLC (Willful)

81.    Plaintiff re-alleges and incorporates paragraphs one (1) through fifty-five (55) above as if fully stated herein.

82.    After receiving Plaintiff's disputes, Equifax violated 15 U.S.C. § 1681i by: (i) failing to delete inaccurate information in Plaintiff's credit file after receiving notice of such inaccuracies; (ii) failing to conduct a lawful and reasonable reinvestigation into Plaintiff's disputes; (iii) failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit file; (iv) failing to review and consider all relevant information submitted by Plaintiff in the disputes; and (v) relying upon verification from a source it has to know is unreliable.

83.    Despite the large amount of information and documentation produced by Plaintiff demonstrating the inaccurate reporting, Equifax failed to conduct independent investigations into Plaintiff's disputes and simply transferred its separate duty to investigate to the furnishers.

19

84.    Plaintiff provided Equifax with the information it needed to confirm that the CITI and AMEX accounts were opened fraudulently. Equifax ignored this information and failed to conduct a thorough investigation into her disputes or otherwise make her credit file accurate.

85.    As a direct result of this conduct, action and/or inaction of Equifax, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; physical injury; emotional distress; and mental and emotional pain stemming from the stress, anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

86.    The conduct, action, and/or inaction of Equifax was willful, rendering it liable for actual or statutory damages and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

87.    Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to § 1681n.

WHEREFORE, Plaintiff, Jamie Testa, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, Equifax Information Services LLC; award Plaintiff her attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from

20

further violations of these parts; and such other such relief the Court may deem just and proper.

## COUNT IV
### Violation of 15 U.S.C. § 1681e(b) as to
### Defendant, Experian Information Solutions, Inc. (Negligent)

88.    Plaintiff re-alleges and incorporates paragraphs one (1) through fifty-five (55) above as if fully stated herein.

89.    Experian violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.

90.    Experian allowed Furnishers AMEX and CITI to report inaccurate and defamatory account information to Plaintiff's credit file.

91.    Upon information and belief, Experian does not allow its representatives to call consumers, like Plaintiff, during the dispute process or call witnesses with knowledge about the dispute.

92.    Experian selects to just parrot the information provided by the Furnisher and to avoid conducting re-investigations.

93.    Experian chooses the illegitimate parroting of information despite consumers (like Plaintiff) providing ample evidence of inaccuracies.

21

94.    As a result of this conduct, action, and inaction of Experian, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; physical injury; emotional distress; and mental and emotional pain stemming from the stress, anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

95.    The conduct, action, and/or inaction of Experian was negligent, rendering it liable for actual damages, in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

96.    Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

WHEREFORE, Plaintiff, Jamie Testa, respectfully requests that this Court award actual damages against Defendant, Experian Information Solutions, Inc.; award Plaintiff her attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

**COUNT V**
**Violation of 15 U.S.C. § 1681e(b) as to**
**Defendant, Experian Information Solutions, Inc. (Willful)**

22

97.    Plaintiff re-alleges and incorporates paragraphs one (1) through fifty-five (55) above as if fully stated herein.

98.    Experian violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.

99.    Experian allowed Furnishers AMEX and CITI to report inaccurate and defamatory account information to Plaintiff's credit file.

100.    Upon information and belief, Experian does not allow its representatives to call consumers, like Plaintiff, during the dispute process or call witnesses with knowledge about the dispute.

101.    Experian selects to just parrot the information provided by the Furnisher and to avoid conducting re-investigations.

102.    Experian chooses the illegitimate parroting of information despite consumers (like Plaintiff) providing ample evidence of inaccuracies.

103.    As a result of this conduct, action, and inaction of Experian, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; physical injury; emotional distress; and mental and emotional pain stemming from the stress, anguish,

23

humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

104. The conduct, action, and/or inaction of Experian was willful, rendering it liable for actual or statutory damages and punitive damages, in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

105. Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

WHEREFORE, Plaintiff, Jamie Testa, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, Experian Information Solutions, Inc.; award Plaintiff her attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

### COUNT VI
### Violation of 15 U.S.C. § 1681i as to
### Defendant, Experian Information Solutions, Inc. (Negligent)

106. Plaintiff re-alleges and incorporates paragraphs one (1) through fifty-five (55) above as if fully stated herein.

107. After receiving Plaintiff's disputes, Experian violated 15 U.S.C. § 1681i by: (i) failing to delete inaccurate information in Plaintiff's credit file after

24

receiving notice of such inaccuracies; (ii) failing to conduct a lawful and reasonable reinvestigation into Plaintiff's disputes; (iii) failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit file; (iv) failing to review and consider all relevant information submitted by Plaintiff in the disputes; and (v) relying upon verification from a source it has to know is unreliable.

108. Despite the large amount of information and documentation produced by Plaintiff demonstrating the inaccurate reporting, Experian failed to conduct independent investigations into Plaintiff's disputes and simply transferred its separate duty to investigate to the furnishers.

109. Plaintiff provided Experian with the information it needed to confirm that the CITI and AMEX accounts were opened fraudulently. Experian ignored this information and failed to conduct a thorough investigation into her disputes or otherwise make her credit file accurate.

110. As a direct result of this conduct, action and/or inaction of Experian, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; physical injury; emotional distress; and mental and emotional pain stemming from the stress,

anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

111. The conduct, action, and/or inaction of Experian was negligent, rendering it liable for actual damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

112. Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to § 1681o.

WHEREFORE, Plaintiff, Jamie Testa, respectfully requests that this Court award actual damages against Defendant, Experian Information Solutions, Inc.; award Plaintiff her attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

## COUNT VII
### Violation of 15 U.S.C. § 1681i as to
### Defendant, Experian Information Solutions, Inc. (Willful)

113. Plaintiff re-alleges and incorporates paragraphs one (1) through fifty-five (55) above as if fully stated herein.

114. After receiving Plaintiff's disputes, Experian violated 15 U.S.C. § 1681i by: (i) failing to delete inaccurate information in Plaintiff's credit file after receiving notice of such inaccuracies; (ii) failing to conduct a lawful and

26

reasonable reinvestigation into Plaintiff's disputes; (iii) failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit file; (iv) failing to review and consider all relevant information submitted by Plaintiff in the disputes; and (v) relying upon verification from a source it has to know is unreliable.

115. Despite the large amount of information and documentation produced by Plaintiff demonstrating the inaccurate reporting, Experian failed to conduct independent investigations into Plaintiff's disputes and simply transferred its separate duty to investigate to the furnishers.

116. Plaintiff provided Experian with the information it needed to confirm that the CITI and AMEX accounts were opened fraudulently. Experian ignored this information and failed to conduct a thorough investigation into her disputes or otherwise make her credit file accurate.

117. As a direct result of this conduct, action and/or inaction of Experian, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; physical injury; emotional distress; and mental and emotional pain stemming from the stress, anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

118.   The conduct, action, and/or inaction of Experian was willful, rendering it liable for actual or statutory damages and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

119.   Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to § 1681n.

WHEREFORE, Plaintiff, Jamie Testa, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, Experian Information Solutions, Inc.; award Plaintiff her attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

## COUNT VIII
### Violation of 15 U.S.C. § 1681e(b) as to
### Defendant, Trans Union LLC (Negligent)

120.   Plaintiff re-alleges and incorporates paragraphs one (1) through fifty-five (55) above as if fully stated herein.

121.   Trans Union violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.

28

122. Trans Union allowed Furnishers AMEX and CITI to report inaccurate and defamatory account information to Plaintiff's credit file.

123. Upon information and belief, Trans Union does not allow its representatives to call consumers, like Plaintiff, during the dispute process or call witnesses with knowledge about the dispute.

124. Trans Union selects to just parrot the information provided by the Furnisher and to avoid conducting re-investigations.

125. Trans Union chooses the illegitimate parroting of information despite consumers (like Plaintiff) providing ample evidence of inaccuracies.

126. As a result of this conduct, action, and inaction of Trans Union, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; physical injury; emotional distress; and mental and emotional pain stemming from the stress, anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

127. The conduct, action, and/or inaction of Trans Union was negligent, rendering it liable for actual damages, in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

128. Plaintiff is entitled to recover costs and attorney's fees from Trans Union in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

WHEREFORE, Plaintiff, Jamie Testa, respectfully requests that this Court award actual damages against Defendant, Trans Union LLC; award Plaintiff her attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

## COUNT IX
### Violation of 15 U.S.C. § 1681e(b) as to Defendant, Trans Union LLC (Willful)

129. Plaintiff re-alleges and incorporates paragraphs one (1) through fifty-five (55) above as if fully stated herein.

130. Trans Union violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.

131. Trans Union allowed Furnishers as AMEX and CITI to report inaccurate and defamatory account information to Plaintiff's credit file.

132. Upon information and belief, Trans Union does not allow its representatives to call consumers, like Plaintiff, during the dispute process or call witnesses with knowledge about the dispute.

133. Trans Union selects to just parrot the information provided by the Furnisher and to avoid conducting re-investigations.

134. Trans Union chooses the illegitimate parroting of information despite consumers (like Plaintiff) providing ample evidence of inaccuracies.

135. As a result of this conduct, action, and inaction of Trans Union, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; physical injury; emotional distress; and mental and emotional pain stemming from the stress, anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

136. The conduct, action, and/or inaction of Trans Union was willful, rendering it liable for actual or statutory damages and punitive damages, in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

137. Plaintiff is entitled to recover costs and attorney's fees from Trans Union in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

WHEREFORE, Plaintiff, Jamie Testa, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, Trans Union LLC; award Plaintiff her attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

### COUNT X
**Violation of 15 U.S.C. § 1681i as to Defendant, Trans Union LLC (Negligent)**

138.   Plaintiff re-alleges and incorporates paragraphs one (1) through fifty-five (55) above as if fully stated herein.

139.   After receiving Plaintiff's disputes, Trans Union violated 15 U.S.C. § 1681i by: (i) failing to delete inaccurate information in Plaintiff's credit file after receiving notice of such inaccuracies; (ii) failing to conduct a lawful and reasonable reinvestigation into Plaintiff's disputes; (iii) failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit file; (iv) failing to review and consider all relevant information submitted by Plaintiff in the disputes; and (v) relying upon verification from a source it has to know is unreliable.

32

140. Despite the large amount of information and documentation produced by Plaintiff demonstrating the inaccurate reporting, Trans Union failed to conduct independent investigations into Plaintiff's disputes and simply transferred its separate duty to investigate to the furnishers.

141. Plaintiff provided Trans Union with the information it needed to confirm that the CITI and AMEX accounts were opened fraudulently. Trans Union ignored this information and failed to conduct a thorough investigation into her disputes or otherwise make her credit file accurate.

142. As a direct result of this conduct, action and/or inaction of Trans Union, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; physical injury; emotional distress; and mental and emotional pain stemming from the stress, anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

143. The conduct, action, and/or inaction of Trans Union was negligent, rendering it liable for actual damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

144. Plaintiff is entitled to recover costs and attorney's fees from Trans Union in an amount to be determined by the Court pursuant to § 1681o.

WHEREFORE, Plaintiff, Jamie Testa, respectfully requests that this Court award actual damages against Defendant, Trans Union LLC; award Plaintiff her attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

## COUNT XI
### Violation of 15 U.S.C. § 1681i as to
### Defendant, Trans Union LLC (Willful)

160.   Plaintiff re-alleges and incorporates paragraphs one (1) through fifty-five (55) above as if fully stated herein.

161.   After receiving Plaintiff's disputes, Trans Union violated 15 U.S.C. § 1681i by: (i) failing to delete inaccurate information in Plaintiff's credit file after receiving notice of such inaccuracies; (ii) failing to conduct a lawful and reasonable reinvestigation into Plaintiff's disputes; (iii) failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit file; (iv) failing to review and consider all relevant information submitted by Plaintiff in the disputes; and (v) relying upon verification from a source it has to know is unreliable.

162. Despite the large amount of information and documentation produced by Plaintiff demonstrating the inaccurate reporting, Trans Union failed

34

to conduct independent investigations into Plaintiff's disputes and simply transferred its separate duty to investigate to the furnishers.

163.  Plaintiff provided Trans Union with the information it needed to confirm that the CITI and AMEX accounts were opened fraudulently. Trans Union ignored this information and failed to conduct a thorough investigation into her disputes or otherwise make her credit file accurate.

164.  As a direct result of this conduct, action and/or inaction of Trans Union, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; physical injury; emotional distress; and mental and emotional pain stemming from the stress, anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

165.  The conduct, action, and/or inaction of Trans Union was willful, rendering it liable for actual damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

166.  Plaintiff is entitled to recover costs and attorney's fees from Trans Union in an amount to be determined by the Court pursuant to § 1681o.

WHEREFORE, Plaintiff, Jamie Testa, respectfully requests that this Court award actual damages against Defendant, Trans Union LLC; award Plaintiff her

attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

**COUNT XII**
**Violation of 15 U.S.C. § 1681 s-2(b) as to**
**Defendant, American Express Company (Negligent)**

167.   Plaintiff re-alleges and incorporates paragraphs one (1) through fifty-five (55) above as if fully stated herein.

168.   AMEX furnished inaccurate account information to Equifax, Experian and Trans Union and through those CRAs to all of Plaintiff's potential lenders.

169.   After receiving Plaintiff's disputes, AMEX violated 15 U.S.C. § 1681s-2(b) by (i) failing to fully and properly investigate Plaintiff's dispute of the erroneous account information; (ii) failing to review all relevant information regarding same; (iii) failing to accurately respond to Equifax, Experian and Trans Union; and (iv) failing to permanently and lawfully correct its own internal records to prevent the re-reporting of the representations to the consumer reporting agency.

170. Plaintiff provided all the relevant information and documents necessary for AMEX to have identified that the account was opened fraudulently..

171. AMEX knowingly chose to follow procedures which did not review, confirm, or verify the account pay status and balance were accurate.

172. AMEX violated 15 U.S.C. § 1681s-2(b) by continuing to furnish inaccurate information to Equifax, Trans Union and Experian after it had been notified that the information it was furnishing was inaccurate.

173. As a direct result of this conduct, action, and/or inaction of AMEX, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; physical injury; emotional distress; and mental and emotional pain stemming from the stress, anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

174. The conduct, action, and inaction of AMEX was negligent, rendering it liable for actual damages, in an amount to be determined by the Court pursuant to 15 USC § 1681o.

175. Plaintiff is entitled to recover costs and attorney's fees from AMEX in an amount to be determined by the Court pursuant to 15 USC § 1681o.

WHEREFORE, Plaintiff, Jamie Testa, respectfully requests that this Court award actual damages against Defendant, American Express Company; award Plaintiff her attorneys' fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and grant all such additional relief as the Court deems appropriate.

## COUNT XIII
### Violation of 15 U.S.C. § 1681 s-2(b) as to
### Defendant, American Express Company (Willful)

176.   Plaintiff re-alleges and incorporates paragraphs one (1) through fifty-five (55) above as if fully stated herein.

177.   AMEX furnished inaccurate account information to Equifax, Experian, and Trans Union and through those CRAs to all of Plaintiff's potential lenders.

178.   After receiving Plaintiff's disputes, AMEX violated 15 U.S.C. § 1681s-2(b) by (i) failing to fully and properly investigate Plaintiff's dispute of the erroneous account information; (ii) failing to review all relevant information regarding same; (iii) failing to accurately respond to Equifax, Experian and Trans Union; and (iv) failing to permanently and lawfully correct its own internal records to prevent the re-reporting of the representations to the consumer reporting agency.

179. Plaintiff provided all the relevant information and documents necessary for AMEX to have identified that the account was opened fraudulently.

180. AMEX knowingly chose to follow procedures which did not review, confirm, or verify the account pay status and balance were accurate.

181. AMEX violated 15 U.S.C. § 1681s-2(b) by continuing to furnish inaccurate information to Equifax, Experian and Trans Union after it had been notified that the information it was furnishing was inaccurate.

182. As a direct result of this conduct, action, and/or inaction of AMEX, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; physical injury; emotional distress; and mental and emotional pain stemming from the stress, anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

183. The conduct, action, and inaction of AMEX was willful, rendering it liable for actual or statutory damages and punitive damages, in an amount to be determined by the Court pursuant to 15 USC § 1681n.

184. Plaintiff is entitled to recover costs and attorney's fees from AMEX in an amount to be determined by the Court pursuant to 15 USC § 1681n.

WHEREFORE, Plaintiff, Jamie Testa, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, American Express Company; award Plaintiff her attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

## COUNT XIV
### Violation of 15 U.S.C. § 1681 s-2(b) as to
### Defendant, Citibank, N.A. (Negligent)

185.    Plaintiff re-alleges and incorporates paragraphs one (1) through fifty-five (55) above as if fully stated herein.

186.    CITI furnished inaccurate account information to Equifax, Experian and Trans Union and through those CRAs to all of Plaintiff's potential lenders.

187.    After receiving Plaintiff's disputes, CITI violated 15 U.S.C. § 1681s-2(b) by (i) failing to fully and properly investigate Plaintiff's dispute of the erroneous account information; (ii) failing to review all relevant information regarding same; (iii) failing to accurately respond to Equifax, Experian and Trans Union; and (iv) failing to permanently and lawfully correct its own internal records to prevent the re-reporting of the representations to the consumer reporting agency.

40

188. Plaintiff provided all the relevant information and documents necessary for CITI to have identified that the account was opened fraudulently.

189. CITI knowingly chose to follow procedures which did not review, confirm, or verify the account pay status and balance were accurate.

190. CITI violated 15 U.S.C. § 1681s-2(b) by continuing to furnish inaccurate information to Equifax, Trans Union and Experian after it had been notified that the information it was furnishing was inaccurate.

191. As a direct result of this conduct, action, and/or inaction of CITI, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; physical injury; emotional distress; and mental and emotional pain stemming from the stress, anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

192. The conduct, action, and inaction of CITI was negligent, rendering it liable for actual damages, in an amount to be determined by the Court pursuant to 15 USC § 1681o.

193. Plaintiff is entitled to recover costs and attorney's fees from CITI in an amount to be determined by the Court pursuant to 15 USC § 1681o.

WHEREFORE, Plaintiff, Jamie Testa, respectfully requests that this Court award actual damages against Defendant, Citibank, N.A.; award Plaintiff her attorneys' fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and grant all such additional relief as the Court deems appropriate.

## COUNT XV
### Violation of 15 U.S.C. § 1681 s-2(b) as to Defendant, Citibank, N.A. (Willful)

194.   Plaintiff re-alleges and incorporates paragraphs one (1) through fifty-five (55) above as if fully stated herein.

195.   CITI furnished inaccurate account information to Equifax, Experian, and Trans Union and through those CRAs to all of Plaintiff's potential lenders.

196.   After receiving Plaintiff's disputes, CITI violated 15 U.S.C. § 1681s-2(b) by (i) failing to fully and properly investigate Plaintiff's dispute of the erroneous account information; (ii) failing to review all relevant information regarding same; (iii) failing to accurately respond to Equifax, Experian and Trans Union; and (iv) failing to permanently and lawfully correct its own internal records to prevent the re-reporting of the representations to the consumer reporting agency.

197. Plaintiff provided all the relevant information and documents necessary for CITI to have identified that the account was opened fraudulently.

198. CITI knowingly chose to follow procedures which did not review, confirm, or verify the account pay status and balance were accurate.

199. CITI violated 15 U.S.C. § 1681s-2(b) by continuing to furnish inaccurate information to Equifax, Experian and Trans Union after it had been notified that the information it was furnishing was inaccurate.

200. As a direct result of this conduct, action, and/or inaction of CITI, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; physical injury; emotional distress; and mental and emotional pain stemming from the stress, anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

201. The conduct, action, and inaction of CITI was willful, rendering it liable for actual or statutory damages and punitive damages, in an amount to be determined by the Court pursuant to 15 USC § 1681n.

202. Plaintiff is entitled to recover costs and attorney's fees from CITI in an amount to be determined by the Court pursuant to 15 USC § 1681n.

WHEREFORE, Plaintiff, Jamie Testa, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, Citibank, N.A.; award Plaintiff her attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

## JURY DEMAND

Pursuant to Federal Rule of Civil Procedure 38, Plaintiff hereby demands a trial by jury of all issues triable by jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Jamie Testa, respectfully requests that this Court award judgment for actual, statutory, compensatory, and punitive damages against Defendants, Equifax Information Services LLC; Experian Information Solutions, Inc.; Trans Union LLC; Citibank, N.A. and American Express Company; attorneys' fees and costs; prejudgment and post-judgment interest at the judgment rate; and such other relief the Court deems just and proper.

DATED this 12th day of August, 2026.

Respectfully submitted,

**/s/ Craig Marchiando**
Craig Marchiando, Esq.
Florida Bar #: 1010769
Consumer Litigation Associates
763 J. Clyde Morris Blvd, Ste 1-A
Newport News, VA 23601
Phone: (757) 930-3660
Facsimile: (757) 930-3662
craig@clalegal.com

*Attorney for Plaintiff*

**/s/ Octavio Gomez**
Octavio "Tav" Gomez, Esq.
Florida Bar #: 0338620
Georgia Bar #: 617963
Pennsylvania Bar #: 325066
The Consumer Lawyers PLLC
501 E. Kennedy Blvd, Suite 610
Tampa, Florida 33602
Cell: (813) 299-8537
Facsimile: (844) 951-3933
Tav@theconsumerlawyers.com

**/s/Frank H. Kerney, III.**
Frank H. Kerney, III, Esq.
Florida Bar #:88672
Tennessee Bar #: 035859
Cell: (813)951-8278
Facsimile: (844)951-3933
Primary Email:
Frank@theconsumerlawyers.com
Secondary Email:
Lisa@theconsumerlawyers.com

*Attorneys for Plaintiff*

45